UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

                          Plaintiff,

    -v-

JOHN DOE, subscriber assigned IP address 74.71.233.196,

                          Defendant.

CIVIL ACTION NO. 24 Civ. 4126 (AKH) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

This action has been referred, pursuant to 28 U.S.C. § 636(b)(1)(A), to Magistrate Judge Sarah L. Cave for general pretrial management, including scheduling discovery, non-dispositive pretrial motions, and settlement. All pretrial motions and applications, including those relating to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Magistrate Judge Cave and must comply with her Individual Practices, available on the Court's website at https://www.nysd.uscourts.gov/hon-sarah-l-cave.

On June 20, 2024, Plaintiff Strike 3 Holdings, LLC ("Strike 3") "request[ed] permission to file a motion Pursuant to Fed. R. Civ. P. 26(d)(1), seeking leave to serve a third-party subpoena prior to a Rule 26(f) conference to learn Defendant's identity" (the "Subpoena"). (ECF No. 6 at 1 (the "Request")). On June 24, 2024, the Honorable Alvin K. Hellerstein granted Plaintiff permission to file the Subpoena. (ECF No. 7 at 1 (the "June 24 Order")).

"Consistent with the practice in this District, the Court will also issue a protective order in connection with the [S]ubpoena, 'in light of the substantial risk for false positive identifications

that could result in annoyance, embarrassment, oppression, or undue burden or expense.'" Strike 3 Holdings, LLC v. Doe, No. 23 Civ. 4365 (AT) (JLC), 2023 WL 4141977, at *1 (S.D.N.Y. June 23, 2023) (quoting Strike 3 Holdings, LLC v. Doe, No. 18 Civ. 12167 (AJN), 2019 WL 340712, at *3 (S.D.N.Y. Jan. 24, 2019)).

Accordingly, IT IS HEREBY ORDERED that:

1. Strike 3 may serve the Subpoena immediately on Spectrum, the Internet Service Provider ("ISP") identified in the Request (see ECF No. 6 at 1), to obtain the name and current and/or permanent address of the John Doe subscriber associated with the IP address 74.71.233.196.  Strike 3 shall not request any additional information, including, but not limited to, email address or telephone number.  Strike 3 shall include a copy of this Order and the June 24 Order with the subpoena along with the attached "Notice to Defendant;"[1]

2. Spectrum will have **60 days from the date of service of the Subpoena** to serve John Doe with a copy of the Subpoena, copies of this Order and the June 24 Order, and a copy of the "Notice to Defendant."  Spectrum may serve John Doe using any reasonable means, including written notice sent to his (or her or their) last known address, transmitted either by first-class mail or via overnight service;

3. John Doe shall have 60 **days from the date of service of the Subpoena** to file any motions with this Court contesting the subpoena (including a motion to quash or

---

[1] The Court has adopted the "Notice to Defendant" used in similar actions involving Strike 3, "as it provides clear and concise instructions to the Internet Service Provider and the John Doe defendant in a case with the same underlying facts."  Strike 3 Holdings, 2023 WL 4141977, at *2 (S.D.N.Y. June 23, 2023).

modify the Subpoena), as well as any request to litigate the subpoena anonymously. If he (or she or they) decides to contest the Subpoena, he (or she or they) shall at the same time notify Spectrum so that it is on notice not to release any of John Doe's contact information to Strike 3 until the Court rules on any such motions;

4. Spectrum shall not turn over John Doe's identifying information to Strike 3 before the expiration of this 60-day period or before the date the Court rules on any motions, whichever is later. Spectrum shall preserve any subpoenaed information pending the resolution of any motion to quash that is filed timely;

5. If neither John Doe nor Spectrum contests the Subpoena within the 60-day period, Spectrum shall have **10 days** to produce the information responsive to the Subpoena to Strike 3; and

6. Any information disclosed to Strike 3 in response to the Subpoena may be used by Strike 3 solely to protect its rights as set forth in its complaint.

By **July 2, 2024**, Strike 3 shall file proof of service of the Subpoena, this Order, the June 24 Order, and the Notice to Defendant.

Dated:   New York, New York
         June 25, 2024

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

3

**NOTICE TO DEFENDANT**

1. You are a defendant in <u>Strike 3 Holdings, LLC. v. John Doe, subscriber assigned IP address 74.71.233.196</u>, No. 24 Civ. 4126 (AKH) (SLC) (S.D.N.Y.), a case now pending before the Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, and the Honorable Sarah L. Cave, United States Magistrate Judge for the Southern District of New York.

2. Attached is Judge Cave's Order dated June 25, 2024, which sets forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed <u>pro se</u> (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed <u>pro se</u>, all communications with the Court should be through the <u>Pro Se</u> Office of the United States District Court for the Southern District of New York. The <u>Pro Se</u> Office is located in Room 230 of the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed movies on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed a subpoena requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena.  This must be done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case.  If you choose to proceed pro se, your motion to quash or modify the subpoena should be mailed to the Pro Se Office, as described in paragraph 3. You should also inform your ISP that you intend to contest the subpoena so that it does not release your information to the plaintiff.

8. If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time.  Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the Pro Se Office of the Court.  This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it.  The Court must have this information so that it may communicate with you regarding the case.

9. Even if you do not file a motion to quash or modify the subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10. If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case. If you choose to proceed pro se, your letter should be mailed to the Pro Se Office, as described in paragraph 3.  This must be

5

done within 60 days of the date that you receive notice from your ISP that you are a defendant in this case. You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.